OPINION
{¶ 1} Defendant-appellant Alexis Suarez was convicted of Assault, following a bench trial in the Dayton Municipal Court. Suarez contends that his conviction must be overturned because the trial court abused its discretion by denying his request for a continuance of the trial. He further contends that he was denied the effective assistance of counsel.
 {¶ 2} From our review of the record we conclude that the trial court did not abuse its discretion by overruling the motion for a continuance of the trial date, and we find no support for the claim of ineffective assistance of counsel. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} In late June, 2003, Dayton Police Officer Mark Kinstle was on routine patrol when he responded to a 911 call at 1246 Deeds Avenue. When Kinstle arrived at that location, he discovered a mini-van with its door open. According to Kinstle, "[a]lmost the entire driver's side of the mini van was covered in [wet] paint." Kinstle also found a woman, Marquita Pruitt, who was crying and covered in white paint that was still wet. Pruitt informed Kinstle that she had been injured by a person she identified as "Alex." Kinstle noted a cigarette burn on Pruitt's leg, which she claimed was inflicted by Suarez. Pruitt also indicated that Suarez had "almost broke [sic] [her] finger" and that he had grabbed her neck. She also said that Suarez had thrown the paint at her. When Kinstle asked for a description of Suarez, Pruitt replied, "just look for the guy with all the white paint on his shoes."
 {¶ 4} Pruitt told Kinstle that she needed to return to her home to retrieve some of her belongings. She said that she wanted Kinstle to accompany her, because she was worried that if Suarez was at the home, he would hurt her. Kinstle said that Suarez was in the home to which he accompanied Pruitt. He said that he found a pair of shoes with white paint. Suarez told him the paint was old.
 {¶ 5} Suarez was arrested and charged with Domestic Violence and Assault. Following trial, the charge of Domestic Violence was dismissed. The trial court found Suarez guilty of Assault. Suarez was sentenced accordingly. From his conviction and sentence he now appeals.
 II {¶ 6} Suarez's First Assignment of Error states as follows:
 {¶ 7} "The trial court abused its discretion in refusing to grant the request for a continuance; and deprived appellant of his due process right for counsel to prepare appellant's case."
 {¶ 8} Suarez contends that the trial court abused its discretion by denying his motion for a continuance. In support, he argues that the trial court erred by failing to inquire into the reason for the request. He further argues that because of the denial his trial counsel was denied the opportunity to prepare his case adequately.
 {¶ 9} "The grant or denial of a continuance is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion." Schaefer v.Stephenson, Miami App. No. 2001-CA-46, 2002-Ohio-398, citation omitted. "An abuse of discretion implies that the trial court acted with an arbitrary, unreasonable or unconscionable attitude when denying the continuance." Id., citations omitted. Whether a trial court has abused its discretion in denying a motion for a continuance depends upon the circumstances, "`particularly * * * the reasons presented to the trial judge at the time the request is denied.'" Ungar v. Sarafite (1964), 376 U.S. 575,589.
 {¶ 10} In this case, the request for a continuance was not made until the parties had appeared for trial. The timing of the request demonstrated a lack of respect for the others involved: the judge, the prosecutor, and the State's witness, who was present and prepared to testify.
 {¶ 11} Although, as Suarez points out, the trial court did not inquire into the reason for the request, we note that defense counsel failed to proffer any reasons for the requested continuance. Defense counsel did not suggest that he was not prepared for trial, and we find no support in the record for the claim that counsel's lack of preparedness resulted in the deprivation of any right to due process.
 {¶ 12} From this record, we cannot say that the trial court abused its discretion in denying the request for a continuance. Accordingly, the First Assignment of Error is overruled.
 III {¶ 13} The Second Assignment of Error is as follows:
 {¶ 14} "Appellant was denied the effective assistance of counsel."
 {¶ 15} Suarez contends that trial counsel was ineffective. Specifically, he complains that trial counsel permitted, without objection, Kinstle to provide impermissible hearsay testimony. He also complains that counsel failed to provide the trial court with reasons to support the request for a continuance of trial.
 {¶ 16} In order to demonstrate ineffective assistance of counsel, Suarez must establish that his counsel's representation fell below an objective standard of reasonableness and that he has been prejudiced by counsel's deficient performance, i.e., that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Strickland v. Washington (1984), 466 U.S. 668. Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of reasonable assistance. Id. at 689. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a reasonably debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. Id.
 {¶ 17} First, Suarez complains that trial counsel acted ineffectively by permitting Kinstle to testify about "the events which constituted the assault and the identification of [Suarez] as the perpetrator," as related to Kinstle from statements made by Pruitt. Suarez contends that this testimony constituted inadmissible hearsay and that he would not have been convicted without this testimony. He also contends that the failure to produce Pruitt at trial violated his right to confront his accuser, citing Crawford v. Washington (March 8, 2004), 124 So. Ct. 1354. The State argues that the statements made to Kinstle by Pruitt were admissible as excited utterances.
 {¶ 18} We begin by noting that it is not clear from this record that the statements made by Pruitt would have failed to qualify as an excited utterance pursuant to Evid.R. 803(2). Furthermore, it appears from this record that Pruitt was present at trial and that counsel, presumably, had the opportunity to confront her. However, counsel may well have decided that calling the alleged victim to the stand to relate her version of events directly would have been more prejudicial than hearing about the events through the testimony of the investigating officer. Therefore, we cannot say that counsel was ineffective for failing to object.
 {¶ 19} Next Suarez claims that counsel was ineffective for failing to provide reasons for a continuance of the trial date. It is true, as previously noted, that counsel did not proffer any reason for the requested continuance. However, from our review of the record, we cannot say that counsel was not prepared for trial or that his representation of Suarez fell below an acceptable standard. Therefore, we find that this claim of ineffective assistance of counsel must also fail.
 {¶ 20} The Second Assignment of Error is overruled.
 IV {¶ 21} Both of Suarez's Assignments of Error having been overruled, the judgment of the trial court is affirmed
Grady and Young, JJ., concur.