OPINION
{¶ 1} Defendant, Sheila Kruse, appeals from a judgment of the Fairborn Municipal Court that awarded $3,000 in damages to Plaintiff, Justin Shirley.
 {¶ 2} Shirley and Kruse own adjacent townhouse properties at Jamestown Court in Rona Village in Fairborn. Kruse rents her townhouse property to tenants and Shirley lives at his townhouse with his fiancé. In December 2003, Kruse hired a plumber to work on a pipeline that runs from her kitchen sink to the sewer line. As part of this work, the plumber had to jackhammer the foundation. The plumber replaced piping that had deteriorated over the years.
 {¶ 3} Shirley's kitchen sink is located on the wall that is common with Kruse's property where the jackhammering and pipe repair occurred. In 2004, Shirley began experiencing a drainage problem with his kitchen sink. In November 2004, the drainage problem became worse. Shirley asked an employee of Fairborn Plumbing and Heating to come take a look at the problem. Based on the advice of the employee, Shirley had a friend "snake" the line. The snake went out approximately fifteen feet and then stopped.
 {¶ 4} On February 28, 2005, Shirley hired Roto-Rooter to snake the line. Once again, only about fifteen feet of the line could be snaked. A Roto-Rooter employee then ran a camera through the line and determined that a more serious line problem existed, one that would cost approximately $2,800.00 to repair.
 {¶ 5} On March 9-10, 2005, Roto-Rooter employees worked on the line problem at Shirley's residence. The employees removed the floor cabinets between the wall and the refrigerator, jackhammered the foundation to locate the line, and dug out an area around the pipe to determine the problem. The Roto-Rooter employees discovered that Kruse's plumber had disconnected Shirley's pipe from the sewer line when the plumber replaced Kruse's pipes, installing a connection that serviced only Kruse's line instead of a "y" connector that formerly serviced both hers and Shirley's. Since December 2003, the water draining from Shirley's kitchen sink had run into the ground rather than into a pipe leading to the sewer.
 {¶ 6} Shirley requested access to Kruse's property to allow the Roto-Rooter employees to jackhammer through the floor of Kruse's property in order to gain access to fix the problem. Kruse did not allow access to her property but did send her plumber over to Shirley's residence to assist. According to Shirley, the plumber admitted that he failed to reconnect Shirley's pipe because he did not realize that Shirley was actively using that pipe. The Roto-Rooter employees dug a hole in Shirley's kitchen floor, reconnected the pipe, poured concrete, and attempted to reinstall the cabinets. Due to the digging and other work, the cabinets would not hang correctly.
 {¶ 7} On June 22, 2005, Shirley commenced an action in small claims court against Kruse. Shirley attempted unsuccessfully to serve the complaint by certified mail. The complaint was successfully served by regular mail and the trial was set for August 3, 2005. On July 25, 2005, Kruse requested a continuance, which the court denied on July 26, 2005.
 {¶ 8} The magistrate conducted a bench trial and issued a decision awarding Shirley $3,000 plus five percent interest from the date of the judgment. Kruse filed objections to the magistrate's decision, which the trial court overruled. On January 3, 2006, the trial court entered judgment for Shirley. Kruse moved for a new trial, but the trial court overruled the motion. Kruse filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING SHEILA L. KRUSE'S MOTION FOR CONTINUANCE."
 {¶ 10} Shirley filed his complaint against Kruse on June 22, 2005, and attempted to serve Kruse with the complaint by certified mail. The complaint was returned unclaimed on July 15, 2005. The clerk of courts then served the complaint on Kruse by regular mail. The trial was set for August 3, 2005. On July 25, 2005, the clerk of courts received a letter from Kruse dated July 22, 2005, requesting a continuance. Kruse said she needed additional time to prepare for trial because her daughter's wedding was scheduled for August 13, 2005 in Florida. The magistrate denied Kruse's request on July 26, 2005, and the trial proceeded on August 3, 2005.
 {¶ 11} "The grant or denial of a continuance is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion." State v. Suarez, Montgomery App. No.2004-Ohio-4513, at _9 (citation omitted). Therefore, the issue before usis not whether we would have granted the request for a continuance inthe first instance but whether the trial court abused its discretion indenying the request. "The term `abuse of discretion' connotes more thanan error of law or judgment; it implies that the court's attitude isunreasonable, arbitrary or unconscionable." Blakemore v. Blakemore(1983), 5 Ohio St.3d 217, 219 (citations omitted).
 {¶ 12} Kruse argues that a continuance of the trial date would havegiven her an opportunity to prepare for the hearing, contact witnesses,and present evidence in the required format. In her July 22, 2005 letterto the trial court, Kruse referenced the August 13, 2005 wedding of herdaughter, and stated that the August 3, 2005 trial date would create ahardship on her to arrange for witnesses and prepare a response toShirley's complaint.
 {¶ 13} Kruse's general statement of inconvenience is insufficient toshow that the trial court abused its discretion in denying Kruse'srequest for continuance. Rather, Kruse had a duty to explain to thetrial court specifically how she would be prejudiced if the trialproceeded on August 3, 2005. For example, Kruse should have explainedwhat witnesses or evidence, if any, would be unavailable if the trialproceeded as scheduled. Instead, Kruse stated at trial that she had witnesses with her to testify. Further, the trial court gave both parties ample opportunity to testify, cross-examine witnesses, and present evidence. Consequently, there is no evidence in the record that lack of time prevented Kruse from obtaining or presenting evidence at trial.
 {¶ 14} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 15} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE PLAINTIFF-APPELLEE JUSTIN SHIRLEY A JUDGMENT THAT IS NOT SUSTAINED BY THE WEIGHT OF THE EVIDENCE."
 {¶ 16} Kruse argues that the trial court erred in finding that the damage to Shirley's pipes was caused by the negligence of Kruse's plumber. Kruse cites the affidavits of two professional plumbers in support of her assignment of error. The magistrate properly excluded these affidavits on the ground that Shirley would be deprived of an opportunity to cross-examine the witnesses. Although the rules of evidence often are applied in a less rigid manner in small claims court, the opportunity to cross-examine witnesses is a fundamental right. The magistrate correctly excluded the two affidavits and gave Kruse an opportunity to call the witnesses who had prepared the affidavits. Kruse stated at trial that she had witnesses with her to testify, but she ultimately chose not to call any witnesses to support her defense.
 {¶ 17} Kruse also argues that the trial court erred in crediting the testimony of Shirley's witnesses over Kruse's testimony. "The decisionwhether, and to what extent, to credit the testimony of particularwitnesses is within the peculiar competence of the factfinder, who hasseen and heard the witness." State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288. Our review of the record does not reveal any error in crediting Shirley's evidence over Kruse's testimony.
 {¶ 18} Shirley presented testimony demonstrating that the pipes in his residence worked properly until Kruse's plumber failed to reconnect Shirley's pipe to the sewer line. On this record, we cannot say that the trial court abused its discretion in finding that the damage to Shirley's property was proximately caused by the negligent act of the plumber Kruse had engaged, which is chargeable to Kruse.
 {¶ 19} The second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 20} "THE TRIAL COURT ABUSED ITS DISCRETION BY OMITTING RELEVANT TESTIMONY FROM THE RECORD TRANSCRIPT."
 {¶ 21} Kruse argues that the transcript of the August 3, 2005 proceedings omitted a conversation between Kruse and the magistrate. However, Kruse fails to explain what the conversation concerned or how the omission of the conversation prejudiced her. In the "Statement of the Facts" portion of her appellate brief, Kruse states: "Sheila Kruse presented testimony, but was not permitted to submit evidence supporting her claim. The dialogue which took place between the Magistrate and Sheila L. Kruse at the August 3, 2005 hearing regarding the submission of her evidence was omitted from the hearing transcript."
 {¶ 22} The duty to provide a transcript for appellate review falls upon the appellant. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. An appellant bears the burden of showing prejudicial error by reference to matters in the record. Id. If the transcript of the proceedings is incomplete or inaudible, appellant is required, under App. R. 9(C), to prepare a statement of the evidence. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower court's proceedings and affirm. Id.
 {¶ 23} Kruse failed to prepare a statement of the evidence under App. R. 9(C). Instead, Kruse makes vague references to a conversation with the magistrate, which does not establish error or prejudice.
 {¶ 24} The third assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
 {¶ 25} "THE TRIAL COURT ERRED AS A MATTER OF FACT IN BASING ITS DECISION OF CAUSAL RELATIONSHIP ON AN INACCURATE TIMELINE OF EVENTS STATED IN THE DECISION."
 {¶ 26} Kruse argues that the magistrate used an incorrect timeline in finding that the damages to Shirley's property were caused by Kruse's plumber. Kruse cites to the November 20, 2005 affidavit of Ryan Hammock and Amy Hammock. This affidavit was first submitted to the trial court as an attachment to Kruse's objections to the magistrate's decision. The trial court refused to consider the affidavit, citing Civ. R. 53(E)(4)(b).
 {¶ 27} In reviewing an assigned error on appeal, pursuant to App. R. 12(A)(1)(b), we are confined to the record that was before the trial court as defined in App. R. 9(A). Lamar v. Marbury (1982),69 Ohio St.2d 274, 277, 431 N.E.2d 1028. The November 20, 2005 affidavit of the Hammocks is not part of the record below and will not be considered on appeal.
 {¶ 28} Kruse argues that there were a number of errors contained in the magistrate's findings regarding the chronology of events leading up to trial. But Kruse only identifies one error on appeal: the magistrate's finding that Kruse had plumbing work done in the summer of 2004 when, in fact, the work was completed in December 2003. That finding was corrected by the trial court in its judgment entry overruling Kruse's objections. Therefore, Kruse has failed to demonstrate any error in the timeline used by the trial court.
 {¶ 29} The fourth assignment of error is overruled.
FIFTH ASSIGNMENT OF ERROR
 {¶ 30} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING SHEILA L. KRUSE'S REQUEST FOR A NEW TRIAL."
 {¶ 31} Kruse argues that the trial court should have granted her a new trial "so that she could satisfy the procedural matters regarding her evidence which she attempted to present at the initial hearing." According to Kruse, were she granted a new trial "the record would clearly show the preponderance of the evidence was in her favor, and Mr. Shirley would not have been granted an award." In essence, Kruse argues that she could do a better job of presenting evidence if she was given another opportunity to do so.
 {¶ 32} Typically, one or both parties leave a trial feeling as though they could have done a better job presenting evidence at trial. However, retrials are granted only in the limited circumstances set forth in Civ. R. 59. Kruse has failed to establish any of those circumstances. Rather, Kruse seeks another opportunity to present evidence through live testimony that she was not allowed to present through affidavits. The trial court gave Kruse the opportunity to present witness testimony at trial, but Kruse chose not to do so.
 {¶ 33} The fifth assignment of error is overruled.
SIXTH ASSIGNMENT OF ERROR
 {¶ 34} "THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING JUSTIN SHIRLEY AN EXCESSIVE REWARD."
 {¶ 35} Kruse argues that the award to Shirley was excessive. We disagree. The trial court's award of $3,000.00 included $1,209.71 for the portion of plumbing costs that was not reimbursed by Shirley's insurance company, and $1,822.20 for the cost to replace the damaged cabinets. Shirley is entitled to the reasonable cost of restoring his cabinets to the condition they were in prior to the damage caused by Kruse's plumber. Ohio Collieries Co. v. Cocke (1923), 107 Ohio St. 238,240.
 {¶ 36} Shirley presented evidence showing that the thirty-year old cabinets were damaged as a result of plumbing repair necessitated by the negligence of Kruse's plumber. Shirley presented the trial court with three estimates from Lowe's and Home Depot relating to the amount it would cost to replace the cabinets. Shirley sought the least expensive amount contained in the three estimates. Also, Shirley submitted invoices showing how much he spent in hiring Roto-Rooter and Fairborn Plumbing and Heating to diagnose and repair the plumbing problems. The trial court's award of $3,000.00 is supported by Shirley's evidence.
 {¶ 37} Ultimately, Kruse had the opportunity, through cross-examination and the submission of additional evidence, to question the reasonableness and necessity of Shirley's expenditures for repair. Kruse failed to submit any rebuttal evidence regarding the reasonableness of the cost estimate provided by Shirley. On this record, we cannot find that $3,000 was an excessive award for the damage caused to Shirley's property.
 {¶ 38} Finally, Kruse references an alleged appearance of impropriety at the trial court level. According to Kruse, a court officer involved in the trial court proceeding is a neighbor of Shirley's parents. Kruse concedes that she has no direct evidence of any impropriety. Further, Kruse failed to raise this concern at the trial court level, and there is no evidence in the record supporting Kruse's vague allegations.
 {¶ 39} The sixth assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Fain, J., concur.