OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Belinda Whitt, filed June 16, 2006. On May 17, 2006, the Magistrate issued, and the trial court adopted, a Decision dismissing, without prejudice, Whitt's motion for change of custody of her daughter, born January 29, 2003. According to the Magistrate's Decision, Whitt "was 25 minutes late for the hearing and then indicated that she plans *Page 2 
on hiring an attorney to pursue this case. The Court previously granted the mother a continuance on February 21, 2006 in this case. The Court will not grant another continuance on this case. The Court advised the mother to hire the attorney and refile the petition when they were ready to proceed." Whitt filed objections to the Magistrate's Decision which the Court overruled on June 7, 2006.
 {¶ 2} Whitt's Brief does not set forth a specific assignment of error. Her solitary complaint is that she is entitled to a hearing on her motion for change of custody. "The grant or denial of a continuance is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. (Internal citations omitted.) Therefore, the issue before us is not whether we would have granted the request for a continuance in the first instance but whether the trial court abused its discretion in denying the request. The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Shirley v. Kruse, Greene App. No. 2006-CA-12,2007-Ohio-193. Whitt's motion was dismissed without prejudice, and she is free to refile it when she is ready to proceed. There being no abuse of discretion, the judgment of the trial court is affirmed.
 WOLFF, P.J. and BROGAN, J., concur. *Page 1