OPINION
{¶ 1} This matter is before the Court on the pro se "Motion to Appeal Greene County General District Court Judgement of One Year Jail Time Sentence, and Motion the Court for Mental Intitution [sic] for the Defendant, Instead of One Year in Jail, Motion for a Court Appointed Attorney and a Fair Court Hearing," filed June 12, 2006, by Timmy Ray Morrison and his mother, Judy McCreary Coe, who holds his power of *Page 2 
attorney. On May 22, 2006, in Fairborn Municipal Court, Morrison pled no contest to two counts of menacing, in violation of R.C. 2903.22, misdemeanors of the fourth degree, and one count of disorderly conduct, also a misdemeanor of the fourth degree, and he was found guilty of all charges in case number 2006 CR 893. Also on May 22, 2006, Morrison pled no contest to one count of aggravated menacing, pursuant to R.C.2903.21, a misdemeanor of the first degree, and disorderly conduct, and he was found guilty of both charges in case number 2006 CR 1033. Finally, on May 22, 2006, Morrison waived his right to counsel. The court sentenced him to 180 days in jail.
 {¶ 2} Morrison asserts one assignment of error as follows:
 {¶ 3} "ON JUNE-12-2006 IN GREENE COUNTY COURT THE APPELLANT DID NOT HAVE AFAIR HEARING, BECAUSE OF HIS MENTAL CONDITION'S AND HAD KNOW REPRESENTATION FOR THIS COURT HEARING. THE APPELLANT WAS GIVEN JAIL TIME WHEN THE APPELLANT NEEDED MENTAL HELP AND SOCIAL SERVICES `ADULT PROTECTION' INSTEAD OF JAIL TIME THAT WILL CAUSE THE APPELLANT'S MORE MENTAL PROBLEM'S!"
 {¶ 4} According to Morrison, he "Need's Physiological help and Medicine. Not to be sent to jail. The Court need's to also notify Xenia Ohio Social Services `Adult Protection Services' that the Appellant, Timmy Ray Morrison get's out of Jail in November-2006, and that he need's their Adult Protection when the Appellant get's out jail, and that the Appellant is unable to take care of hisself and need's Medicine to help his mental condition, and help him get aplace to live and make sure he's beening taken care of right, and help him manage his money and business affairs!"
 {¶ 5} "Litigants who choose to proceed pro se are presumed to know the law *Page 3 
and correct procedure, and are held to the same standard as other litigants." Yocum v. Means, Darke App. No. 1576, 2002-Ohio-3803. A litigant proceeding pro se "cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter." Id. (Internal citations omitted).
 {¶ 6} "The duty to provide a transcript for appellate review falls upon the appellant. (Internal citations omitted). An appellant bears the burden of showing prejudicial error by reference to matters in the record." Shirley v. Kruse, Greene App. No. 2006-CA-12, 2007-Ohio-193. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower court's proceedings and affirm." Id.
 {¶ 7} Morrison waived his right to counsel below. He has not provided a transcript of his sentencing, and we accordingly presume the validity of the lower court's proceedings. Judgment affirmed.
 FAIN, J. and GRADY, J., concur. *Page 1