OPINION
{¶ 1} This matter is before the Court on the two separate Notices of Appeal of Myles Ian Scott, filed December 1, 2006, which we consolidate for analysis. Scott was indicted by a Montgomery County Grand Jury, on April 26, 2006, on one count of burglary, in violation of R.C.2911.12(A)(3), and one count of theft, in violation of R.C.2913.02(A)(1), in case *Page 2 
number 2006 CR 718/2 ("the first case"). On May 11, 2006, bond was initially set at $7500. On May 23, 2006, Scott was granted a conditional own recognizance bond and released from jail.
 {¶ 2} On June 7, Scott was arrested, jailed and subsequently indicted for one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), and one count of aggravated burglary, in violation of R.C.2911.11(A)(2), in case number 2006 CR 2371/4 ("the second case"). On June 9, 2006, the trial court revoked Scott's conditional own recognizance bond in the first case and set bail at $250,000. On July 18, 2006, the court set bail in the second case at $25,000. On September 20, 2006, the trial court recalled a warrant and reduced bond in the first case at $50,000. Scott did not post bond in either case. On October 12, 2006, Scot pled guilty to burglary in the first case and aggravated burglary in the second case. The State dismissed the other counts against him. Scott was sentenced to two terms of four years each to be served concurrently. Scott was taken to prison from the Montgomery County Jail on November 22, 2006.
 {¶ 3} On January 12, 2007, Scott filed a "Suggestion to Order Supplement to Record," asking us to "supplement by certification and transmission to this Court in [both cases] the trial court's order of January 9, 2007, same having been entered after completion of the record in due course herein but being absolutely necessary to a proper disposition and understanding of this appeal. Specifically, said trial court order denied without any justification 139 days of jail time credit due appellant." On January 30, 2007, we overruled Scott's "Suggestion," finding that, if Scott "seeks to challenge a decision of the trial court, made after he filed his notice of appeal, he must file a separate notice of appeal of that decision." On February 8, 2007, Scott filed a Motion to Reconsider January *Page 3 
30, 2007 Order.
 {¶ 4} Scott asserts two identical assignments of error in each case. Scott amended his first assignments of error in each of his Replies. Initially, Scott's first assignments of error were as follows:
 {¶ 5} "THE SENTENCE GIVEN APPELLANT BY THE TRIAL COURT CONSTITUTES AN ABUSE OF DISCRETION REQUIRING AN ADJUSTMENT DOWNWARD BY THIS COURT."
 {¶ 6} The State argued in response under both case numbers that "Ohio law does not permit defendants to appeal on the ground that the trial court abused its discretion by imposing a sentence that was too harsh." In his Reply, Scott states that he "withdraws his `abuse of discretion' argument concerning this assignment and argues that this assignment be considered under the notion that it is `contrary to law,' ORC 2953.08."
 {¶ 7} We agree with the State that Scott's argument that the trial court abused its discretion in imposing a sentence that was too harsh is prohibited by law. State v. Lofton, Montgomery App. No. 19852,2004-Ohio-169 ("Defendant merely argues that the trial court was wrong in the conclusion that it reached, given the evidence in this case: in other words, that the sentence was too harsh and unsupported by the record. That is, essentially, an abuse of discretion claim which is not a proper ground for appeal, R.C. 2953.08 (A), or a matter for which R.C.2953.08 (G) permits appellate review.")
 {¶ 8} Secondly, any notion that the sentence is contrary to law cannot be reviewed absent a proper record. The file before us only contains a videotape of Scott's sentencing; Scott did not provide a written transcript of the proceedings below. "The duty to provide a transcript for appellate review falls upon the appellant. (Internal citations omitted). An *Page 4 
appellant bears the burden of showing prejudicial error by reference to matters in the record." Shirley v. Kruse, Greene App. No. 2006-CA-12,2007-Ohio-193. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower court's proceedings and affirm." Id. Scott's first assignment of error is overruled.
 {¶ 9} Scott's second assignment of error in each case is as follows:
 {¶ 10} "THE JAIL TIME CREDIT AWARDED APPELLANT BY THE TRIAL COURT IS MANIFESTLY PLAIN ERROR IN THAT THE COURT HAS NO DISCRETION TO IGNORE FUNDAMENTAL ARITHMETIC AND THE PLAIN LETTER OF THE LAW, THUS REQUIRING THIS COURT TO ENTER THE CORRECT MATHEMATICAL CALCULATION AND THE PROPER LEGAL APPLICATION."
 {¶ 11} Scott argues that he was in jail in the first case "from May 11 until May 23, 2006, (12 days) and then under a $250,000 bond * * * from June 9, 2006 until December 4, 2006 (178 days), for a total of 190 days, which again inexplicably, the PSI of record shows the trial judge to have determined to be 163 days * * * ." In the second case, Scott states he was in jail from June 7, 2006 until December 4, 2006.
 {¶ 12} The State argues that Scott "was incarcerated for two days in May 2006 when the warrant on indictment was served on the 22nd and he was released on a COR bond on the 23rd. Thereafter, Scott was not incarcerated on the first case again until June 9th when the trial court revoked his COR bond and set bail at $250,000. Scott never posted bail in the first case. In the second case, Scott was arrested on June 7, 2006" and transported to prison on November 22, 2006.
 {¶ 13} "The department of rehabilitation and correction shall reduce the stated *Page 5 
prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * * and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's term." R.C. 2967.191.
 {¶ 14} "The sentencing court * * * must make a factual determination of the number of days credit to which the offender is entitled by law and, if the offender is committed to a state correctional institution, forward a statement of the number of days of confinement which he is entitled by law to have credited. This information is required to be included within the journal entry imposing the sentence or stated prison term." OH ADC 5120-2-04(B).
 {¶ 15} "If an offender is serving two or more sentences, stated prison terms or combination thereof concurrently, the adult parole authority shall independently reduce each sentence or stated prison term for the number of days confined for that offense. Release of the offender shall be based upon the longest definite, minimum and/or maximum sentence or stated prison term after reduction for jail time credit." OH ADC 5120-2-04(F) (emphasis added).
 {¶ 16} "`[A]lleged errors regarding jail-time credit * * * may be raised by way of the defendant's direct appeal of his criminal case.' * * * A defendant's objection that he is entitled to more jail time credit than the trial court ordered invokes his Fourteenth Amendment right to equal protection which R.C. 2967.191 enforces. * * * It then becomes the State's burden `to show that he is not so entitled because some or all of the * * * days for which defendant-Appellant sought jail time credit actually arose out of a set of facts *Page 6 
separate and apart from the criminal conduct involved in his offense. * * * `[A]n objection grounded on a defendant's R.C. 2967.191 right and the court's duty to enforce it is determined on a preponderance of the evidence standard, not the reasonable doubt standard.'" State v.Newport, Greene App. No. 2006 CA 49.
 {¶ 17} The State relies on State v. Eble, Franklin App. No. 04AP-334, 04AP-335 for the proposition that a defendant should not be awarded jail time credit against each of two concurrent sentences. In Eble, the defendant was sentenced on the same day in two matters, receiving two four year sentences to be served concurrent with each other. Eble received 354 days jail time credit in one case, and zero days of jail time credit in the other case, although he was in custody on each matter for 354 days. Eble, unlike Scott, did not file a direct appeal but instead filed motions for jail time credit in the case in which he received zero jail time credit. When these motions were stricken by the court, and defendant's motion for reconsideration was denied, he filed a motion for jail time credit nunc pro tunc, which the court denied. The defendant appealed, arguing that, since he was confined for 354 days pre-sentence on each matter, the court erred by not applying the 354 days jail time credit to each case. The court determined that a trial court is not required to recognize duplicate pretrial detention credit when a defendant is held and later sentenced on multiple offenses.
 {¶ 18} We disagree with the holding in Eble. The trial court should have determined, and the adult parole authority credited, 354 days of jail time credit against each of Eble's sentences, thereby reducing each of his concurrent four year sentences by 354 days. A prisoner's release date is based upon the longest prison term after reduction for jail time credit. OH ADC 5120-2-04. Eble's jail time credit of 354 days (earned while incarcerated *Page 7 
for both offenses simultaneously), if applied to only one of his sentences, has zero effect on his aggregate sentence; the longest prison term after reduction for jail time credit on only one of Eble's sentences is still four years. Denial of credit for time served on each sentence is inconsistent with R.C. 2967.191, which requires that a prisoner's sentence be reduced by the total number of days confined "for any reason arising out of the offense."
 {¶ 19} The Eble courts incorrectly relied upon State v. Callender
(Feb. 4, 1992), Franklin App. No. 91AP-713, and State v. Fincher (March 31, 1998), Franklin App. No. 97AP08-1084. In those cases the defendants received consecutive sentences, not the concurrent sentencesEble received. Had Eble received consecutive four year sentences, then a credit of 354 days against each of them would have reduced his total sentence by 708 days, an improper result, since Eble's sentence would then have been reduced by more days than he was actually confined.
 {¶ 20} In reviewing the records of each case to determine whether Scott received appropriate jail time credit, we note, "A trial court speaks only through its journal entries." State v. Hatfield, Champaign App. No. 2006 CA 16, 2006-Ohio-7090.
1. Jail Time Credit in the first case.
 {¶ 21} The record reveals that the trial court failed to properly journalize any jail time credit for Scott in the first case. Included in the Presentence Investigation Report ("PSI") is a Jail Time Credit Report which provides that Scott was in custody from May 22-23, 2006 and then from June 7 — November 13, 2006. The report indicates that Scott is entitled to 163 days of jail time credit. The report, however is not signed by the judge nor part of the court's journal entries. Further, the November 20, 2006 Termination Entry does not indicate Scott's jail time credit. *Page 8 
2. Jail Time Credit in the second case.
 {¶ 22} As in the first case, the trial court did not journalize any jail time credit for Scott in the second case. The PSI contains a Jail Time Credit Report which provides that Scott was in custody from June 7, 2006 until November 13, 2006, and that he is entitled to zero days jail time credit because his jail time was credited to his sentence in the first case. As in the first case, the Termination Entry does not indicate any jail time credit for Scott.
 {¶ 23} It is unclear from the record the exact number of days Scott spent incarcerated on each offense. For purposes of illustration, we will assume that Scott was in custody from May 11-23, and then from June 9 until November 22, 2006, for a total of 182 days in the first case, and from June 7 until November 22, 2006, for a total of 169 days, in the second case. Since his sentences are concurrent, under these facts, Scott is entitled to a credit of 182 days in the first case, and 169 days in the second case. In other words, Scott is entitled to have his sentences reduced by the number of days he served; Scott's sentence in the first case would be reduced from 1460 days to 1278 days, and Scott's sentence in the second case would be reduced from 1460 days to 1291 days. Scott must serve 1291 days. This does not result in a doubling nor multiplication of credit as the State suggests based upon Eble.
3. Scott's Motion to Reconsider
 {¶ 24} When reviewing a motion for reconsideration, the test, generally, is whether the motion alerts the court to an obvious error in its decision or raises an issue that was either not considered or not fully considered by the court. City of Columbus v. Hodge (1987),37 Ohio App.3d 68.
 {¶ 25} The January 9, 2007 Jail Time Credit Report Scott seeks to have included in *Page 9 
the record before us is signed by the trial judge, and time stamped. Since the Report is the only journalized calculation of Scott's jail time credit, in order to crystalize the merits of Scott's appeal, we sustain Scott's motion for reconsideration and incorporate the Report into the record before us. This journalization is the sole jail time credit entry in both cases. The entry not only erroneously gives Scott zero days credit in the second case, it also erroneously suggests that in the first case Scott was given 163 days of jail time credit, when in fact no such credit was ever journalized.
 {¶ 26} Accordingly, this case is reversed and remanded for the trial court to calculate the number of actual days of incarceration for each offense individually and to award Scott the appropriate jail time credit in each case.
 BROGAN, J. and FAIN, J., concur. *Page 1