OPINION
{¶ 1} Defendant-appellant, Craig Moore, appeals the decision by the Butler County Court of Common Pleas to impose terms of imprisonment for his two felony offenses.
 {¶ 2} Appellant entered a plea of guilty to felonious assault, a second-degree felony, and to domestic violence, a fourth-degree felony. Appellant was sentenced to a prison term for each offense, and each sentence was ordered to be served concurrently, for a total of five years in prison.
 {¶ 3} Appellant does not allege in this appeal that the prison sentence he received *Page 2 
was outside the statutory range for either offense. Appellant's single assignment of error challenges the imposition of prison terms, arguing that his prison sentence is contrary to law and unsupported by the record because he rebutted a presumption for prison for his felonious assault conviction and is amenable to community control for his domestic violence conviction.
 {¶ 4} In this appeal, we are asked to specifically delineate the standard of review for a felony sentencing case such as the case at bar. The standard of review cannot be discussed without an acknowledgement that systemic changes have occurred in felony sentencing in Ohio since 2006. In response to decisions from the United States Supreme Court, the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, excised specific prior sentencing requirements, and held that courts now have discretion to impose a sentence, within the statutory range, that is in accordance with the stated purposes and principles of felony sentencing. Cf. State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836, ¶ 8.
 {¶ 5} Having reviewed Foster and numerous cases released afterFoster, we agree with the assertion that the sentencing statute, R.C.2953.08(G), continues to apply to statutory sections that have not been severed by Foster, and is applicable here. See State v. Saxon,109 Ohio St.3d 176, 178, 2006-Ohio-1245, at fn. 1 ("Although we held in State v.Foster [citation omitted] that certain portions of the sentencing statutes that require judicial fact-finding to impose a sentence for more than the statutory minimum, to impose consecutive sentences, and to impose repeat-violent-offender and major drug-offender sentence enhancements are unconstitutional in light of Blakely v. Washington
[citations omitted], the sentencing review statute, R.C.2953.08(G), remains effective, although no longer relevant with respect to the statutory sections severed by Foster").
 {¶ 6} R.C. 2953.08(G), states in pertinent part: *Page 3 
 {¶ 7} "(1) If the sentencing court was required to make the findings required by division (B) or (D) of section 2929.13, division (D)(2)(e) or (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings.
 {¶ 8} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 9} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 10} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (D)(2)(e) or (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 11} "(b) That the sentence is otherwise contrary to law."
 {¶ 12} Appellate review under R.C. 2953.08(G)(2)(a) is not a determination of whether the court had clear and convincing evidence to support its findings; the standard of review set forth in R.C.2953.08(G)(2) places the burden on the appellant to make an affirmative showing of error by clear and convincing evidence. State v.Costlow, Cuyahoga App. No. 89501, 2008-Ohio-1097, ¶ 15.
 {¶ 13} After Foster, a trial court is required to make judicial findings only for a *Page 4 
"downward departure" from a presumption of prison pursuant to R.C.2929.13(D) or a judicial release pursuant to R.C. 2929.20. State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph one of syllabus. TheMathis court also said a "trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C.2929.19(B)(2)[1] has been excised", but, "in exercising its discretion, the trial court must carefully consider the statutes that apply to every felony case." Id. at ¶ 38.
 {¶ 14} Those statutes include R.C. 2929.11, which specifies the overriding purpose of sentencing of protecting the public from future crime and punishing the offender, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. Id. In addition, the sentencing court must be guided by statutes that are specific to the case itself. Id.
 {¶ 15} There is no mandate for judicial fact-finding in the general guidance statutes, and, therefore, the trial court is merely to consider the statutory factors. Foster, 2006-Ohio-856 at ¶ 42.
 {¶ 16} As previously noted by appellant, his felonious assault conviction, as a felony of the second degree, carries a presumption of a prison term. See R.C. 2929.13(D)(1).
 {¶ 17} Notwithstanding the presumption of prison, the trial court may impose a community control sanction if it makes both of the following findings: 1) a community control sanction would adequately punish appellant and protect the public from future crime because R.C. 2929.12
factors indicating a lesser likelihood of recidivism outweigh factors indicating a greater likelihood of recidivism; 2) a community control sanction would not demean the seriousness of the offense, because factors indicating that the conduct constituting the *Page 5 
offense was less serious outweigh the factors that indicate that the offender's conduct was more serious than conduct normally constituting the offense. R.C. 2929.13(D).
 {¶ 18} According to Mathis, findings under R.C. 2929.13(D) are still required if the trial court decides to override or depart downward from the presumption of prison. Mathis, paragraph one of syllabus.
 {¶ 19} However, the trial court in the instant case made no R.C.2929.13(D) findings because it was not departing from the presumption of prison after it determined that appellant was not amenable to a community control sanction.
 {¶ 20} Appellant has failed to show that the trial court erred in its determination to impose prison when confronted with a presumption of prison for this second-degree felony. Appellant's arguments regarding his felonious assault sentence are not well taken.[2]
 {¶ 21} We next turn to appellant's prison sentence for his fourth-degree felony.
 {¶ 22} R.C. 2929.13 provides guidance or "directives that relate to specific felony charges." Foster at ¶ 43. R.C. 2929.13(B)(1) factors include whether the offender caused physical harm to a person in committing the offense, whether the offender attempted to cause physical harm or threatened physical harm and was previously convicted of an offense that caused physical harm to a person, and whether the offender was currently or had previously served a prison term.
 {¶ 23} Given that there is no presumption in favor of community control, Foster at ¶ 69, a judge who does not make one of the R.C.2929.13(B)(1) findings and does not find that community control is a sufficient sanction can still impose a prison term. Id. at ¶ 69-70. "R.C. 2929.13(B) *Page 6 
allows, but does not mandate, findings before imprisonment for felonies of the fourth or fifth degree, unless the offense involves mandatory terms." Id.
 {¶ 24} The trial court in the case at bar noted in its sentencing entry that it considered whether community control sanctions were appropriate for appellant under R.C. 2929.13, in conjunction with the purposes of sentencing and the seriousness and recidivism factors. The trial court, however, did not expressly make a finding that an R.C.2929.13(B)(1) factor applied, so we cannot conclude that the trial court made such a determination in this case.
 {¶ 25} As we previously discussed, the trial court was still permitted to impose a prison term for this fourth-degree felony if, after considering the seriousness and recidivism factors, it found prison rather than community control appropriate. See State v. Chandler, Franklin App. Nos. 04AP-895, 896, 897, 898, 2005-Ohio-1961, ¶ 13.
 {¶ 26} Appellant argues that the record illustrates that the trial court did not consider the applicable statutory factors in his favor. We have reviewed the record before us and find no merit to appellant's claims.
 {¶ 27} The record indicates that the trial court considered the appropriate components of sentencing. According to the record presented to this court, the trial court was cognizant that appellant had not previously served a prison term, but was also aware of appellant's criminal history of assaultive behavior and substance abuse, his prior conviction that resulted in this felony domestic violence charge, and the harm caused to the victim. Cf. State v. Urbina, Defiance App. No. 4-06-21, 2008-Ohio-1013, ¶ 46 (although the trial court was not required to set forth its specific findings, nor was it required to specifically state that it considered each of the subsections of R.C. 2929.11, R.C.2929.12, or R.C. 2929.13, the record clearly evinces that the trial court considered the requisite factors in imposing the prison term); seeState v. Tish, 2007-Ohio-1836 at ¶ 19 (although trial court never stated that it was considering applicable statutes, statements in the sentencing entry that it considered *Page 7 
the applicable statutes supports the conclusion that the trial court considered the requisite statutory factors prior to sentencing).[3]
 {¶ 28} Appellant failed to offer clear and convincing evidence that the record does not support the trial court's findings or that either sentence is otherwise contrary to law.
 {¶ 29} Appellant's single assignment of error is overruled.
 {¶ 30} Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] R.C. 2929.19(B)(2) states that the trial court shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: (a) if * * * it imposes prison term for a felony of the fourth or fifth degree* * * (b) it does not impose a prison term for a felony for which a presumption of prison term is applicable; (c) it imposes consecutive sentences; * * *.
[2] We note that R.C. 2953.08 lists the limited grounds for sentencing appeals permitted as a matter of right. An appeal of a sentence alleged to be contrary to law is permitted under the statute, however, appellants must succinctly state the alleged error at law. See, eg.,State v. Scott, Montgomery App. Nos. 21927, 21928, 2007-Ohio-3815, ¶ 7
(where defendant argues that the trial court was wrong in the conclusion it reached, given the evidence in the case, that is essentially, an abuse of discretion claim, and that is not a proper ground for appeal under R.C. 2953.08[A], or a matter for which R.C.2953.08[G] permits appellate review).
[3] A trial court's specific reference on the record that it considered the various applicable subsections of divisions would alleviate any confusion on the issue for the defendant and would be helpful for appellate review. *Page 1