[Cite as *Grisby v. Johnson*, 2012-Ohio-1227.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

CLAYTON D. GRISBY              :

    Plaintiff-Appellee         :        C.A. CASE NO. 24561

v.                            :        T.C. NO.    11CVG224

ALLAN JOHNSON                  :        (Civil appeal from
                                      Municipal Court)
    Defendant-Appellant        :

                                             :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___23rd___ day of ____March____, 2012.

. . . . . . . . . .

CLAYTON D. GRISBY, 5880 Woodstone Drive, Dayton, Ohio 45426
      Plaintiff-Appellee

ALLAN JOHNSON, 5880 Woodstone Drive, Dayton, Ohio 45426
      Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   This matter is before the Court on the pro se Notice of Appeal of Allan Johnson, filed on March 30, 2011.   Johnson appeals from a judgment of the Municipal Court of Montgomery County, Western Division, granting a writ of restitution of property located at

5880 Woodstone Drive, Trotwood, Montgomery County, Ohio, to Clayton D. Grisby on March 15, 2011.

{¶ 2}     In August of 2010, Johnson, a relative of Grisby, came to Ohio from Philadelphia to assist Grisby on a personal project.     In December of 2010, Johnson's involvement in the project ended, and Grisby asked him to leave the property.   In January of 2011, Johnson declared himself a resident of the property and refused to leave.     Thereafter, on  February 22, 2011, Grisby filed an action for forcible entry and detainer.   A trial was held on March 14, 2011, and the following day, March 15, a judgment was entered in favor of Grisby, granting a writ of restitution of the property.   Concurrent to filing his notice of appeal on March 30, 2011, Johnson filed a request for a transcript/video with the trial court, but failed to pay the proper fees for preparation of the record.   On April 1, 2011, a stay of execution was granted by the trial court.   Johnson and Grisby have each filed pro se briefs.

{¶ 3}     Johnson has failed to provide a transcript of the trial court proceedings, or a statement of the evidence.   Without a transcript or statement of evidence, we cannot examine the merit of his assignments of error.   Under App. R. 9(B), the appellant has the duty to provide a transcript for appellate review.   *Shirley v. Kruse*, 2d Dist. Greene No. 2006-CA-12, 2007-Ohio-193, _ 22.   "When portions of the transcript necessary for resolution of the issues of assigned errors are omitted from the record, we have nothing to pass upon, and thus, we have no choice but to presume the validity of the lower court's proceedings and affirm."   *Id.*

{¶ 4}     If the transcript of proceedings is unavailable, App.R. 9(C) requires appellant to prepare a statement of the evidence.   *In re A.K.*, 2d Dist. Champaign No. 2011-CA-15, 2012-Ohio-412, _ 16.   "The Supreme Court of Ohio has held, in the context of

a civil case, that 'a transcript is unavailable for purposes of App.R.9(C) to an indigent appellant unable to bear the cost of providing a transcript.'" *St. Germaine v. St. Germaine,* 2d Dist. Greene No. 2009 CA 28, 2010-Ohio-3656, ¶ 14 n. 1, quoting *State ex rel. Motley v. Capers*, 23 Ohio St.3d 56, 491 N.E. 2d 311 (1986). "The narrative statement provided for in App.R. 9(C) is an available, reliable alternative to an appellant unable to bear the cost of a transcript." *State ex rel. Motley*, at 58. Nevertheless, Johnson has not availed himself of this alternative either.

{¶ 5} Presuming the regularity of the lower court's proceedings in the absence of a transcript or statement of evidence, Johnson's assignments of error are overruled. The judgment of the trial court, granting the eviction of Allan Johnson from the premises, is affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Clayton D. Grisby
Allan Johnson
Hon. Adele M. Riley