[Cite as *Folck v. Coleman*, 2012-Ohio-3719.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

NEAL C. FOLCK                                        :

    Plaintiff-Appellant                         :            C.A. CASE NO.    2011 CA 89

v.                                                            :            T.C. NO.    11CVI2372

BRADLEY COLEMAN                              :            (Civil appeal from
                                            Municipal Court)
    Defendant-Appellee                          :

                                                                    :

. . . . . . . . . .

**O P I N I O N**

Rendered on the     17th     day of     August     , 2012.

. . . . . . . . . .

NEAL C. FOLCK, 6447 Harbinger Lane, Dayton, Ohio 45449
      Plaintiff-Appellant

BRADLEY COLEMAN, 86 Viking Drive, Eaton, Ohio 45320
      Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

      **{¶ 1}**   This matter is before the Court on the pro se Notice of Appeal of Neal

C.

Folck, filed November 22, 2011. We note that Appellee Bradley Coleman has not filed a

brief in response.

**{¶ 2}** On July 22, Folck filed a Small Claims Petition in the Clark County Municipal Court, Small Claims Division, in which he alleged that Bradley Coleman rented Folck's 2002 Sea Ray boat, pursuant to a contract entered into by the parties, and that Coleman subsequently damaged the boat on July 9-10, 2011. Folck's petition sought $3000.00 in damages.

**{¶ 3}** A trial was held before the Magistrate on September 16, 2011, and the Magistrate's decision indicates that both parties appeared without counsel and presented evidence. The Magistrate granted judgment in Folck's favor in the amount of $1233.00, plus costs.

**{¶ 4}** On September 30, 2011, Folck filed a pro se objection to the Magistrate's decision, in which he asserted as follows:

> The decision is in error because the Defendant failed to present evidence in support of his claim of violation of the rental boat's registration and the Magistrate ruled in Defendant's favor for $290.00 credit. The Defendant has testified that he had possession of the rental boat for at least two (2) days and failed to return the boat before the rental period ended (2 days).

**{¶ 5}** On October 24, 2011, the trial court issued a Judgment Entry, noting that it reviewed the written objection, the exhibits admitted at trial and the recording of the hearing. The court noted that Folck objected to the "$290.00 credit for the reason that defendant did not prove his claim of being ticketed for the boat's not being properly registered." The

court further noted as follows:

> At trial, plaintiff testified he rented his 2002 Sea Ray to defendant and it was returned scratched. He presented evidence concerning repair costs. Defendant denies causing the damage. Additionally, he testified he was unable to use the boat for the entire rental period as during that time, watercraft officers cited him because the boat was not registered and he was ordered to take it off the water.
>
> As the magistrate stated, the offset was not for the cost of the citation defendant paid, as there was no evidence presented on this issue. Rather, it was a refund of the rental price, as the plaintiff rented to defendant a boat that was not properly licensed. The magistrate found credible the defendant's testimony regarding this issue and the Court finds no error in that assessment of defendant's testimony.

The court entered judgment against Coleman in the amount of $1233.00.

{¶ 6} Folck asserts in his brief that he "prays for an additional $290.00 judgment" against Coleman. Folck's brief, however, does not comply with App.R.16. For example, he failed to set forth a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected," as well as a statement of issues presented for review. App.R. 16(A)(3), (4). Further, App. R. 9 provides that the record on appeal includes the transcript of proceedings, and our appellate file does not contain a transcript. "The duty to provide a transcript for appellate review falls upon the appellant. * * *. An appellant bears the burden of showing prejudicial error by reference to

matters in the record. * * * ." *Shirley v. Kruse,* 2d Dist. Greene No. 2006-CA-12, 2007-Ohio-193, ¶ 22.. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower court's proceedings and affirm. * * *." Id.

{¶ 7}    Since the transcript of the proceedings before the Magistrate is not before us, we presume the validity of the municipal court's judgment and hereby affirm the judgment of the municipal court.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Neal C. Folck
Bradley Coleman
Hon. Denise L. Moody