[Cite as *State v. Watts*, 2012-Ohio-4984.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                             :

    Plaintiff-Appellee                 :          C.A. CASE NO.     25021

v.                                        :          T.C. NO.     10CR1625

KYLE A. WATTS                             :          (Criminal appeal from
                                          Common Pleas Court)

    Defendant-Appellant              :

                                         :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___26th___ day of ___October___, 2012.

. . . . . . . . . .

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JON PAUL RION, Atty. Reg. No. 0067020 and NICOLE RUTTER-HIRTH, Atty. Reg. No. 0081004, 130 W. Second Street, Suite 2150, P. O. Box 1262, Dayton, Ohio 45402
        Attorneys for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}** This matter is before the Court on the Notice of Appeal of Kyle Watts, filed

February 6, 2012. Watts pled guilty to one count of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1), a felony of the third degree, and one count of driving while under the influence of alcohol, in violation of R.C.4511.19(A1a)/(G1a), a misdemeanor of the first degree. Watts received a one year sentence for the felony offense, and 180 days for the misdemeanor offense, to be served concurrently, for an aggregate term of one year. Watts was also ordered to pay $46,800.00 in restitution to Donald Neace for economic loss.

{¶ 2}     On September 1, 2011, Watts filed a "Motion to Terminate Restitution Order," in which he asserted that since the sentencing hearing, "it was discovered that the complaining witness had previously released all claims with the Defendant in the amount of $100,000.00 * * * . Further, the complaining witness had released the Defendant from any further claims." Watts asserted that the restitution order was satisfied and should be terminated. The State responded that the trial court lacked jurisdiction to reconsider the order of restitution.

{¶ 3}     On January 11, 2012, the trial court overruled Watt's motion and determined that its restitution order was for "lost wages and other expenses related to the victim's disability caused by injuries suffered in the accident and as a direct result of the Defendant's illegal activity." The court noted that the "victim received personal injury settlement proceeds for other losses that were suffered," and that no "third party has compensated the victim for the economic losses he suffered that are the basis of the restitution order."

{¶ 4}     Watts asserts one assignment of error as follows:

"THE TRIAL COURT ABUSED ITS DISCRETION IN UPHOLDING RESTITUTION FOR LOST WAGES AND MEDICAL EXPENSES WHEN THE VICTIM

RECEIVED INSURANCE PROCEEDS FROM THOSE SAME EXPENSES."

{¶ 5}    The State responds that Watts' arguments are barred by the doctrine of res judicata, and that the trial court "did not err by overruling Watts' motion to terminate restitution because the court lacked authority to reconsider its own final judgment once the sentence was executed."

{¶ 6}    We initially note that Watts failed to provide a transcript of the proceedings below.  "The duty to provide a transcript for appellate review falls upon the appellant. * * * .  An appellant bears the burden of showing prejudicial error by reference to matters in the record. * * * ."  *Shirley v. Kruse,* 2d Dist. Greene No. 2006-CA-12, 2007-Ohio-193, ¶ 22. Nevertheless, it does not appear that the trial court conducted a hearing on Watts' motion.

{¶ 7}    R.C. 2953.02 "provides that a court of appeals may review a 'judgment' or 'final order.'" *State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, 823 N.E.2d 444, ¶ 5. "A final order is an order that in effect determines the case.  R.C. 2505.02(B)(1) * * * ."  *Id.* As the Court in *Danison* noted:

> Generally, in a criminal case, the final judgment is the sentence. * * * The sentence is the sanction or combination of sanctions imposed by the sentencing court on an offender who pleads guilty to or is convicted of an offense.  R.C. 2929.01(FF).  The sentence imposed on an offender for a
>
> felony may include financial sanctions, including restitution in an amount based
>
> on the victim's economic loss.  R.C. 2929.18(A)(1).  *Id.*, ¶ 6.

The *Danison* court concluded that "an order of restitution imposed by the sentencing court on an offender for a felony is part of the sentence and, as such, is a final and appealable order."  *Id.*, ¶

**{¶ 8}** However, Crim.R. 57(B) provides: "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."

**{¶ 9}** Rather than asking the court to reconsider its restitution order, Watts asked the court to vacate the order because, in his view, the victim had been made whole for his economic losses for which the restitution was ordered. Watts' motion is akin to a Civ.R. 60(B)(4) motion. That rule provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (4) the judgment has been satisfied, released or discharged * * * or it is no longer equitable that the judgment should have prospective application." Since Crim.R. 57(B) authorizes reliance upon the Civil Rules when appropriate, we hereby reverse and remand the matter to the trial court to conduct an evidentiary hearing to determine whether the restitution order was, in fact, satisfied by virtue of a civil settlement.

**{¶ 10}** Judgment on Watts' motion to terminate restitution is reversed and remanded for further proceedings consistent with this opinion.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

R. Lynn Nothstine
Jon Paul Rion
Nicole Rutter-Hirth
Hon. Timothy N. O'Connell